BOYCE *vs.* THE BOARD OF SUPERVISORS OF CAYUGA COUNTY.

Even in cases where no discretion is vested in a board of supervisors, in relation to an account presented to them, and a clear legal duty rests upon them, to cause the whole amount of the account to be levied, collected and paid, as a county charge, which they refuse to perform, an *action* will not lie, against the supervisors. The only remedy of the creditor is by an application to the court for a *mandamus*, to compel them to perform that duty.

To warrant a suit against a board of supervisors, as representing the county, there must be some duty of the county, and the case must be such that an action, founded upon that duty, is the appropriate remedy.

Where the duty relied upon is a duty, not of the county, but of the board of supervisors, no action will lie.

THIS was an action by the plaintiff to recover compensation for his services as a physician, in the year 1853. The complaint alleged that on or about the 1st of April, 1853, a board of health was duly appointed and organized in and for the city of Auburn, pursuant to chapter 324 of the laws of 1850; that during the summer and fall of 1853, the small pox was prevalent in the city, and the plaintiff, being a physician, was employed and directed by the said board of health to attend upon the sick and give them the necessary medical advice and attendance; that the plaintiff did so, and that his services were worth the sum of $168.75. That the plaintiff afterwards, and on or about the 28th of Nov. 1853, presented to the defendants, at their annual session held at Auburn, his bill for such services, made out in items, amounting to the said sum of $168.75 duly verified, and duly certified by the said board of health to be correct, which thereby became, and was, a proper charge against the county of Cayuga. That the defendants had no discretion as to the allowance of the plaintiff's account and were precluded from exercising any discretion thereon by the certificate of the said board of health, but that the amount of said account was made a charge against the county of Cayuga, by the said certificate of the board of health, and that the said account became thereby a debt against the county. And the plaintiff insisted that the defendants were bound, at their said annual meeting, to levy, collect and pay the said ac-

count, in the same manner as other county charges are levied, collected and paid ; but the complaint alleged that they neglected and refused so to do; wherefore the plaintiff demanded judgment against them, for the amount of his account. The answer admitted the material facts set forth in the complaint, but alleged that the plaintiff's account contained many items which the board of health had no right to allow, and insisted that they, the defendants, were not bound to levy, collect and pay the said account. On the trial, the plaintiff proved his employment by the board of health, and the performance of the services charged for ; also that the account had been presented to the board of health, who made the following certificate, at the foot thereof: "We certify that the above bill is correct and rendered by the said Boyce for the board of health of the city of Auburn, being employed by them." (Signed by the board.) The plaintiff further proved that the account, with the said certificate appended, had been presented to the board of supervisors, who refused to audit and allow the same. With the consent of the counsel for both parties, the court directed a verdict in favor of the plaintiff for the sum of $179.14, subject to the opinion of the court at a general term, on a case.

*Geo. O. Rathbun*, for the plaintiff.

*D. H. Marsh*, for the defendants.

*By the Court*, T. R. STRONG, J. Assuming, without deciding, that no discretion is vested in the board of supervisors in relation to the account of the plaintiff, and that a clear legal duty rests upon them to cause to be levied, collected and paid, the whole amount of the account as a county charge, which they refuse to perform, I am satisfied that the law does not allow to the plaintiff a remedy by action ; and that his only remedy is by an application to the court, for a mandamus, to compel the supervisors to perform that duty. The board of supervisors are not a corporation ; and as such a board, and apart from the

county, are not liable to a suit; they can only be sued as representing the county, under the statute which prescribes that in suits against a county the county shall be sued "in the name of the board of supervisors thereof." To warrant a suit against them as representing the county, there must be some duty of the county, and the case must be such that an action founded upon that duty is the appropriate remedy. When they are made defendants in form in such a case, the county are the real defendants. The difficulty in maintaining an action in the present case is, that the duty upon which it must rest is a duty, not of the county, but of the board of supervisors. The statute (*Laws of* 1850, *p.* 692, § 7) makes the expenses therein mentioned a county charge, and directs that they "shall be levied, collected and paid, under the direction of the said board of supervisors of the respective counties, in the same manner as other county charges are levied, collected and paid." The cause of action is the neglect or refusal of the supervisors to perform this duty. By the revised statutes (*Vol.* 1, *p.* 364) each county has limited corporate powers, and among others power "to sue and be sued, in the manner prescribed by law;" but there does not appear to be any good reason why it should be subjected to a suit for this failure of duty by the supervisors, and there is no provision of statute imposing upon it that liability. If an action should be permitted, no execution could be issued on the judgment. (2 *R. S.* 475, § 107.) And some further remedy would be necessary if the supervisors should refuse to provide for its payment. (*Id.* 474, § 102 *to* 104.) The remedy by mandamus, operating upon the supervisors as officers of the county, is a full, efficient, and, as I think, the only remedy of the plaintiff.

In *The People* v. *The Supervisors of Columbia,* (10 *Wend.* 363,) it was held that a mandamus against the supervisors was the proper remedy when a duty rested upon those officers to cause to be levied, and collected, a certain sum, made a county charge, in like manner as other charges upon the county were required to be levied and collected; and that an action against the county would not lie. Chief Justice Savage, in delivering

the opinion of the court, says, " If an action lies in this case, then a mandamus should be refused. I think an action will not lie. This statute directs the supervisors to levy and collect the amount of the deficiency ; it is a duty imposed upon those officers, which should be performed by them, but for their neglect the county in its corporate capacity should not be punished ; nor does any liability attach to the county to pay the money in any way other than that pointed out in the statute." (*See Brady v. The Supervisors of New York*, 2 *Sandf. S. C. R.* 460.)

The principle that a mandamus is the proper remedy in such cases, is recognized and applied in numerous authorities. (*Bright* v. *Supervisors of Chenango*, 18 *John.* 242. *Johnston* v. *Supervisors of Herkimer*, 19 *id.* 272. *The People* v. *Supervisors of Cayuga*, 2 *Cowen*, 530. *The People* v. *Supervisors of St. Lawrence*, 5 *id.*292. *The People* v. *Supervisors of Dutchess*, 9 *Wend.* 508. *The People* v. *Supervisors of Ulster*, 3 *Barb. S. C. R.* 332. *The People* v. *Edmonds*, 15 *id.* 540.) All these and other similar authorities impliedly hold that an action will not lie ; as the principle is clear and undisputed that a mandamus will not be issued when there is an adequate remedy by action.

In *The People* v. *The Supervisors of Fulton*, (14 *Barb.* 52,) the doctrine is advanced, although it was not necessary to the decision of the case, in the view taken by the court of another point, that if the board of supervisors " has neglected or refused to perform a legal duty enjoined upon them, and which they were bound to discharge, an action will lie against them ;" and therefore a mandamus cannot be granted. These cases are referred to in support of the doctrine : *Ex parte Lynch*, (2 *Hill*, 45.) *The People* v. *The Mayor of New York*, (25 *Wend.* 680.) *Ex parte The Fireman's Ins. Co.*, (6 *Hill*, 243.) In the first case a mandamus against officers acting as supervisors of New York was refused, on the ground that the relator had an ample remedy by action against *The Corporation of New York ;* inasmuch as the statute allowed him a certain sum as his salary, to be paid by the common council of the city, out of the city treasury. The next case is of a like character. And

in the remaining case a mandamus against the Commercial Bank of Albany, a private corporation, was refused because there was an adequate remedy by action. None of these authorities support the doctrine that an action will lie against a board of supervisors, or a county, in cases like the present; and I do not. find any adjudication sustaining it. (*See Brady* v. *The Supervisors of New York,* 2 *Sandf.* 474.)

There must be judgment in favor of the defendants.

[CAYUGA GENERAL TERM, June 4, 1855. *Selden, Johnson* and *T. R. Strong,* Justices.]