By the Court.*—Miller, J.
This is not a case for an attachment against the board of supervisors for disobeying the order for a peremptory mandamus, as the remedy in such cases should be against those members of the board who were guilty of a contempt in refusing to obey the orders of the court.
It is evident, however, that the relator is entitled to some relief, and I am inclined to think that the board of supervisors have failed to comply with the terms of the order, substantially granting a peremptory mandamus. Such being the case, I think the relief required can properly be obtained, and should have been granted upon the motion, on the return of the order to show cause in this case; and that upon this appeal, such modification can properly be made of the order of the special term as will meet the exigencies of the case and ■ promote the ends of justice.
It is not denied that the relator is entitled to costs in the case of Board of Excise v. Coan. The board of supervisors have allowed all the items of taxable costs in the bill originally presented, and have disallowed the charges made for subpoenaing witnesses, and the disbursements necessarily made in connection therewith. As to these last mentioned items, they have refused to allow any sum whatever. There is nothing, however, in the papers, to show that there is any dispute that the per diem charges for subpoenaing the witnesses were reasonable, and had been incurred, nor that the disbursements had not actually been made. S o question is made that the charges for these services *413 were too large; and as no lesser sum was allowed, and there is no dispute as to their being rendered, or their value, it must be assumed, I think, that they were fair and just. It is also clear that these disbursements were a proper charge for the attorney within the scope of his powers and duties, and especially within the spirit and meaning of the authority conferred upon him by the commissioners of excise in conducting the suit, the same as any other lawful disbursement in the progress of the case. These charges, as well as „the disbursements, were incurred under the directions of the proper officers, within their lawful sphere of action; and the services rendered and moneys expended were absolutely essential for the successful prosecution of the suit which had been instituted by them, and, under the circumstances, the attorney would have utterly failed in the suit and neglected his duty, had he omitted to see that needful steps were taken to secure -the attendance of witnesses upon the trial. The propriety and accuracy of the charges made, is, in fact, conceded, and no lawful excuse is given why they should not be allowed as rendered in the account. They were unquestionably a lawful charge against the county, the same as any other legitimate claim for services rendered, or moneys necessarily expended by a public officer in the discharge of the duties of his office (People v. Supervisors of New York, 32 N. Y., 473; People v. Supervisors of St. Lawrence, 30 How. Pr., 173; Bryce v. Supervisors of Cayuga County, 20 Barb., 294; Bright v. Supervisors of Chenango, 18 Johns., 242).
As to the costs in the Sackrider case, although entirely rejected, no special objection is made to any of the items charged, or to the amount, and it is not claimed that the services, for which remuneration was claimed, were not actually rendered.
The relator was lawfully retained in this case, and I am unable to discover any good ground for refusing to *414 award him. a proper compensation, at least some amount for his services. He acted in good faith, by virtue of the authority of the excise commissioners; and it is no reason why he should not be paid for his services, that the action was unsuccessful. There is no evidence of any neglect of duty on his part, nor anything to interfere with the allowance of his claim for the services rendered and expenses actually laid out, which constitute no insignificant portion of the claim presented.
I think that the board of supervisors failed to comply with the requirements of the writ of mandamus, in entirely rejecting the charges made in the casé of Coan for services rendered and moneys expended, which it must be conceded, upon every just principle, were proper and lawful charges ; and also in rejecting entirely the claim made for costs and disbursements in the case against Sackrider. By allowing no sum for the rejected charges, the board have clearly failed to exercise their discretion, and neglected a plain duty. It is no answer to say that the relator had received sums of money for penalties and costs in other cases, so long as no payment had been made or applied upon, or was claimed as on offset against, the demands in controversy. He had a valid claim for those services and expenses, and the board of supervisors were bound to allow and audit some amount for those which were in their discretion, and the law had not fixed, which they have completely failed to do.
The failure to audit and allow any sum for the services rendered and the disbursements made, which are conceded, can not be considered as a judicial act, which precludes the relator from invoking the remedy of a mandamus. Such cases arise where the whole amount is rejected for want of proof, or because of the charges being illegal, or where some amount is audited; but the rule has no application where there is no dis *415 pute that the services have been rendered, or of the liability to pay, and the amount of the charges and items is not contested.
I am inclined to think that the relator is not entitled to the allowance of interest, as the demands have never been formally adjusted, and there is no proof to establish a custom to charge interest which was known to all the parties or generally understood.
I am of the opinion that the order of the special term was erroneous, denying the motion absolutely, and, as the order to show cause includes other relief, and all the facts are before us, that an order should be entered reversing the order of the special term and directing that a peremptory mandamus issue to the board of supervisors commanding them to allow the relator the bills rendered in the two cases referred to. The relator should also have ten dollars costs of motion and ten dollars costs of this appeal.
The order may be drawn and served upon the attorney for the respondents, who may serve amendments within five days thereafter, and the order may be settled upon not less than five days’ notice.

 Present, Millee, Pabkbe and Potteb, JJ.