66b 368
53ad619

## ADAMS *vs.* THE BOARD OF SUPERVISORS OF OSWEGO COUNTY.

The plaintiff having printed a book containing the proceedings of the board of supervisors of Oswego county, under a contract with such board, presented his account for printing, for audit, and they took the same into consideration and rejected it. *Held* that the plaintiff's claim being one which by law (1 *R. S.* 385; 1 *Edm. Stat. at Large*, 357, § 3, *sub.* 15) must be presented to and passed upon by the board of supervisors, and it having been presented, passed upon and rejected, no action at law could be maintained for its recovery.

THIS action is brought to recover the price agreed by the defendants to be paid for the printing by the plaintiff of 1,100 copies of a book containing the proceedings of the said board for the year 1864.

The board appointed a committee to receive proposals for printing such a pamphlet, to contain 104 pages, and to be printed in all respects similar to the pamphlet containing the proceedings of the board in 1863, to be furnished by the 1st of February, 1865, or forfeit two dollars per day for each day they should be detained beyond that day.

Proposals were received from several persons, and amongst others from the plaintiff. His offer was accepted by the board, and he proceeded to print and did print the pamphlets, and had them ready for delivery on the 22d of April, 1865. The time for delivery was extended until the 15th of February, and the failure to deliver on the latter day arose, as the plaintiff claims, from the neglect of the clerk of the board to furnish the

proceedings and to read and correct the proof sheets and return them to the plaintiff.

The defendants insisting that the pamphlets were not printed according to contract, refused to pay for them the price demanded by the plaintiff.

The plaintiff presented to the board, at its annual session in 1865, an account for the said printing, and it took the same into consideration and rejected it.

On the trial the plaintiff's counsel in opening the case stated the foregoing facts, with others not material to be stated, and the defendants' counsel moved, upon such statement, to dismiss the plaintiff's complaint, because no cause of action was stated in it, or in the counsel's opening.

The motion was granted, and judgment suspended with leave to plaintiff to move for a new trial, in the first instance at the General Term.

*By the Court,* MULLIN, P. J.   The precise ground on which the complaint was dismissed was, that the plaintiff's claim was one which by law must be presented to and passed on by the board of supervisors, and that it having been so presented, passed upon and rejected, no action at law can be maintained for its recovery.

I shall not stop to inquire whether a board of supervisors has any authority to bind the county by a contract for the publication of its proceedings, but shall assume that it has, and thus limit the inquiry to the point decided in the court below.

Section 2 of title 4 of chap. 12, part 1st of the Revised Statutes, and 1 Statutes at Large, 357, 8, contains an enumeration of what constitutes county charges, which must be presented to the board of supervisors for audit and allowance. And the only clause that can be held to cover the claim of the plaintiff is the 15th, and is in the following words: "The contingent expenses necessarily incurred for the use and benefit of the county."

It is undoubtedly a judicious expenditure of money, to furnish to the citizens a full and accurate report of the proceedings of a body whose action is so important and materially affects the interests of all classes of men, and especially those whose moneys they expend.

A liberal construction of the words "contingent expenses" would embrace the printing of such a work. If it does, this action cannot be maintained, as the claim must be presented and passed upon by the board of supervisors, and their action is final.

If the words "contingent expenses" embrace the printing of pamphlets containing the proceedings of the board, they should also embrace the publication in the newspapers of the same matters, without any express provision of law authorizing it, yet the legislature deemed it necessary to provide in terms for such publication.

The judgment should be affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]