WILLIAM ALBRECHT, Appellant, *v.* THE COUNTY OF QUEENS, Respondent, Impleaded with Others.

*Liability of a county for the malfeasance of its officers — counties are not merely municipal corporations — effect of declaring them to be such — claims against them, how enforced.*

Prior to the enactment of the County Law (Chap. 686 of the Laws of 1892) no liability rested upon a county for the malfeasance of its officers.

The theory upon which cities and villages are held to a liability different from that of counties and towns is that they obtain, upon the request of their citizens, valuable franchises, in consideration for which they undertake to perform with fidelity their charter obligations. This principle is not applicable

| | |
|---|---|
| 84 | 399. |
| 84 | 611 |
| 84 | 399 |
| 89 | 20 |
| 89 | 150 |
| 84 | 399 |
| 24ap424 | |
| 84 | 399 |
| d47ap257 | |
| f47ap261 | |
| 84h | 399 |
| f48ad494 | |
| 84h | 399 |
| 57ad136 | |
| f57ad139 | |

to counties which, while they are made by statute municipal corporations, are something more than such. They are political divisions of the State, so recognized in the Constitution, and beyond the power of the Legislature to abrogate, and while the State can impose upon counties a liability for the neglect of county officers to perform local duties, an intent to create such a liability should not be inferred from the mere fact that in the general revision of the laws relating to counties they are declared to be municipal corporations.

As a rule, an action cannot be maintained against a county to enforce a claim against it, but such claim must be presented to the board of supervisors of such county for audit, and in case of a refusal on the part of such board to audit it the remedy is by mandamus.

APPEAL by the plaintiff, William Albrecht, from a judgment of the Supreme Court in favor of the defendant, The County of Queens, entered in the office of the clerk of the county of Kings on the 14th day of September, 1894, upon the decision of the court, rendered after a trial at the Kings County Special Term, dismissing the plaintiff's complaint as to such defendant, and also from an order entered in said clerk's office on the 6th day of September, 1894, sustaining such defendant's demurrer to the plaintiff's complaint.

*Darley, Bell & Crane*, for the appellant.

*F. H. Van Vechten*, for the respondent.

CULLEN, J.:

This is an appeal from a judgment of dismissal and from an order sustaining a demurrer to the plaintiff's complaint.

The action is to recover for personal injuries sustained by the plaintiff in the falling of a bridge across Newtown creek between the counties of Queens and Kings. The complaint alleged that it was the duty of the boards of supervisors of the two counties to maintain the bridge, and that the injury happened from the negligence of such boards in failing to maintain the bridge reasonably safe and secure for public travel. The question presented is whether the county is liable for the negligence of the board of supervisors in failing to discharge this duty.

The opinion of the learned trial judge on sustaining the demurrer, in which we concur, leaves but little to be added by us. It is practically conceded by the counsel for the appellant that, prior to the enactment of the County Law (Chap. 686, Laws of 1892), no liabil-

ity rested on the county for the malfeasance of the supervisors or the other county officers. The same rule applied to towns. Towns in this State were not liable for failure to keep the highways in repair until the passage of chapter 700 of the Laws of 1881, and that statute created liability only in such cases where the commissioners of highways would have been personally liable in case of an action against them individually, a very different liability from that imposed on cities and villages. (*Lane* v. *Town of Hancock*, 142 N. Y. 510.)

The theory on which cities and villages were first held liable for defects in highways is stated in *Conrad* v. *Village of Ithaca* (16 N. Y. 158) and *Weet* v. *Village of Brockport* (Id. 161, note).

It is not merely that they are corporations, but that they obtain upon the request of their citizens valuable franchises, and that in consideration therefor they undertake to perform with fidelity their charter obligation. This may be a fiction, as the Legislature can incorporate a city without the consent of the inhabitants, but, nevertheless, the principle is too well settled in the law to be ignored. This principle is not applicable to counties, which, while the statute may make them municipal corporations, are something more than such. They are political divisions of the State, so recognized in the Constitution and beyond the power of the Legislature to abrogate. The State doubtless can impose upon counties liability for neglect of county officers to perform local duties. But we think no such intent should be inferred from the mere fact that in a general revision of law relating to counties they are declared to be municipal corporations.

There is a further objection to the maintenance of this action; there has been no audit of the plaintiff's claim. From the earliest period in the history of the State to the present it has been necessary to present claims against the county to the board of supervisors for audit. With some unimportant exceptions, dependent on special statutes, or where the claim was liquidated by the existence of a county obligation for a specific sum, suits could not be maintained against the county for claims or county charges. The remedy was by mandamus to the board of supervisors. If the claim was fixed by law so as to involve no discretion, a mandamus would lie to audit it at a specific amount. If the claim required the exercise of discretion or judgment, the audit was conclusive unless reversed on review,

and could not be attacked collaterally. (*Osterhoudt* v. *Rigney*, 98 N. Y. 222; *Supervisors, etc.,* v. *Briggs*, 2 Den. 26; *People ex rel. Johnson* v. *Supervisors*, 45 N. Y. 196; *People ex rel. Myers* v. *Barnes*, 114 id. 317.)

By section 12, subdivision 2, of the County Act, the same power is still vested in the board of supervisors to annually audit all accounts against the county. If the plaintiff has a claim against the county, it must be submitted to the board of supervisors.

The judgment and order appealed from should be affirmed, with costs and disbursements.

PRATT and DYKMAN, JJ., concurred.

Judgment and order affirmed, with ten dollars costs and disbursements.