Id. 161, note.    It is not merely that they are corporations, but that they obtain, upon the request of their citizens, valuable franchises, and that, in consideration therefor, they undertake to perform with fidelity their charter obligation.    This may be a fiction, as the legislature cannot incorporate a city without the consent of the inhabitants; but, nevertheless, the principle is too well settled in the law to be ignored.    This principle is not applicable to counties which, while the statute may make them municipal corporations, are something more than such.    They are political divisions of the state, so recognized in the constitution, and beyond the power of the legislature to abrogate.    The state, doubtless, can impose upon counties liability for neglect of county officers to perform local duties. But we think no such intent should be inferred from the mere fact that, in a general revision of law relating to counties, they are declared to be municipal corporations.

There is a further objection to the maintenance of this action,— there has been no audit of the plaintiff's claim.    From the earliest period in the history of the state to the present, it has been necessary to present claims against the county to the board of supervisors for audit.    With some unimportant exceptions, dependent on special statutes, or where the claim was liquidated by the existence of a county obligation for a specific sum, suits could not be maintained against the county for claims or county charges.    The remedy was mandamus to the board of supervisors.    If the claim was fixed by law, so as to involve no discretion, a mandamus would lie to audit it at a specific amount.    If the claim required the exercise of discretion or judgment, the audit was conclusive, unless reversed on review, and could not be attacked collaterally.    Osterhoudt v. Rigney, 98 N. Y. 222; Supervisors v. Briggs, 2 Denio, 26; People v. Supervisors of Delaware Co., 45 N. Y. 196; People v. Barnes, 114 N. Y. 317, 20 N. E. 609, and 21 N. E. 739.    By subdivision 2, § 12, of the county act, the same power is still vested in the board of supervisors to annually audit all accounts against the county.    If the plaintiff has a claim against the county, it must be submitted to the board of supervisors.    The order appealed from should be affirmed, with costs and disbursements.    All concur.

---

BRIARDY v. KINGS COUNTY et al.

(Supreme Court, General Term, Second Department.    February 11, 1895.)

Appeal from special term, Kings county.

Action by Owen Briardy against the county of Kings and the county of Queens for personal injuries.    From a judgment dismissing the complaint, plaintiff appeals.

Argued before DYKMAN, PRATT, and CULLEN, JJ.

Grout, De Fere & Mayer, for appellant.
George F. Elliott, for respondent Kings county.
Frances H. Van Vechten, for respondent Queens county.

PER CURIAM.    The judgment appealed from should be affirmed, with costs and disbursements, on opinion in Albrecht v. Queens Co., 32 N. Y. Supp. 473.