WILLIAM A. GODFREY, Appellant, *v.* THE COUNTY OF QUEENS and THE COUNTY OF KINGS, Respondents.

*County — not liable for negligent acts of its officers — effect of chapter 686 of 1892 — county officers are not agents of their county.*

The common law gives no right of action against a county for damages arising from the negligence of its officers. Towns and counties are political divisions of the State and instrumentalities of government and are not liable for the acts of their officers. The statute (Chap. 686 of the Laws 1892), declaring counties to be municipal corporations, which provides that counties can only be sued for a cause of action for which they are liable, refers to the liability existing at the time when the statute became a law. No new liability was created thereby.

An action was brought for the recovery of damages sustained by a steam tug by reason of a collision with a drawbridge owned and maintained by the county of Kings and the county of Queens across Newtown creek.

*Held,* that the action could not be maintained; that county officers are not the agents of the county and that counties have immunity from liability for damages arising from the neglect, misfeasance, malfeasance or torts of their officers.

APPEAL by the plaintiff, William A. Godfrey, from a judgment of the Supreme Court in favor of the defendants, entered in the office

of the clerk of the county of Kings on the 24th day of October, 1894, upon the dismissal of the complaint directed by the court after a trial at the Kings County Circuit before the court and a jury.

The action was brought to recover damages to a steam tug sustained by reason of a collision with a bridge across Newtown creek, owned and maintained by the county of Kings and the county of Queens.

*Stewart & Macklin*, for the appellant.

*George F. Elliott*, for the county of Kings, respondent.

*Francis H. Van Vechten*, for the county of Queens, respondent.

DYKMAN, J.:

This is an appeal by the plaintiff from a judgment entered in favor of the defendants against him, dismissing his complaint with costs. The action was for the recovery of damages to a steam tug, sustained by reason of a collision with a bridge across the Newtown creek. On the day of the injury the steam tug of the plaintiff entered Newtown creek from the East river, and gave the usual signal to indicate to those in charge of the bridge that she desired to pass through the draw. The persons in charge of the bridge commenced to open it, but, as the tug approached, it came in collision with the end of the draw, and received the injury for which this action is brought. When the case came on for trial at the Circuit before a jury, the complaint was dismissed, and judgment ordered in favor of the defendants upon the pleadings. It has for a long time been settled law in this State that county officers are not the agents of the county, and the immunity of counties from liability for damages arising from neglect, misfeasance, malfeasance or tort of its officers, is well established.

It required a special statute to impose liability upon the towns of this State for the neglect of the commissioners of highways in keeping roads and bridges therein in suitable order and repair for public travel, and there has never been any statute of that character imposing liabilities upon counties for the negligence of their officers.

The freedom of a county from liability for damages arising from the negligence of its officers, is analagous to the exemption that

existed in favor of towns previous to the special statute making them liable for the neglect of highway commissioners. The common law gives no such action. We find no authority to sustain the plaintiff in his theory of this suit, and we find no decision in favor of an action of this kind against a county or town unless the right of action was expressly given by statute. It has ever been the doctrine that towns and counties are political divisions of the State and instrumentalities of government, and are not liable for the acts of their officers.

The principle of *respondeat superior* has no application, because the relation of master and servant does not exist.

A sheriff is a county officer, but his county is in no way responsible for his acts.

Supervisors though elected by the towns, are for some purposes deemed county officers, yet neither the towns nor the counties are liable for their negligence or their torts.

The new statute (Chap. 686 of the Laws of 1892) declaring counties to be municipal corporations, imposes no new liability upon them. Under that law a county can only be sued upon a cause of action " for which it is liable," and that clause relates to the time when the statute became a law. No new liability was created.

Moreover, the question involved in this appeal was decided adversely to the appellant by this court in the case of Albrecht against these same defendants (84 Hun, 399), and we adhere to the decision made in that case.

The judgment should be affirmed, with costs.

BROWN, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs.