ERHARD v. KINGS COUNTY.

(Supreme Court, Special Term, Kings County. October, 1895.)

1. COUNTIES—LIABILITES—ACTIONS ON.
    Under the statutes existing prior to 1892, no action lay against a county to recover a county charge, the board of supervisors having exclusive jurisdiction to audit and pay such claims.

**2.** SAME—COUNTY CHARGES.

Laws 1892, c. 686, § 3, providing that an action against a county to enforce a liability created upon it, or upon any of its officers, shall be in the name of the county, was only intended to change the law in respect to actions which the former statutes declared should be in the name of the board of supervisors; and, as those actions did not include claims for county charges, the law relating to such claims remains unchanged, and the county cannot be sued thereon.

**3.** SAME—FAILURE TO RAISE OBJECTION.

Nor can the county, by consent, failure to demur, or otherwise, validate such action.

**4.** STATUTES—CONSTRUCTION—TERMS OF FORMER ACT.

Where a statute which has been judicially construed is replaced by a new law containing the same provisions, the former interpretation will be adhered to in construing the substituted act.

**5.** REFERENCE—POWERS OF REFEREE—DISMISSAL OF COMPLAINT.

Under Code Civ. Proc. § 1018, declaring that a referee must "dispose of any question arising upon the decision of the issues referred to him in like manner as similar powers are exercised by the court upon a trial," a referee may, on a reference to try and determine the issues, dismiss the action as not maintainable.

Action by Charles T. Erhard against the county of Kings on a contract. Complaint dismissed.

Before JAMES TROY, Esq., referee.

Rufus O. Catlin, for plaintiff.

George F. Elliott, for defendant.

TROY, R. This is an action brought directly against the county of Kings to recover, as on a contract, a sum of money, the alleged value of work, labor, and services performed by the plaintiff for the county in compliance with a resolution of the board of supervisors under such circumstances as to constitute a county charge. Laws 1892, c. 686, art. 3, § 230, subd. 15. No objection to the form of proceeding has been taken by the defendant, but, the plaintiff having rested his case, the question nevertheless presents itself to the referee as to whether the action can be maintained. Under the law as it existed previous to 1892, no action could be maintained to recover a county charge. Brady v. Supervisors, 10 N. Y. 260; Boyce v. Supervisors, 20 Barb. 294; Adams v. Supervisors, 66 Barb. 368; Martin v. Supervisors, 29 N. Y. 645; People v. Supervisors of Livingston Co., 12 How. Prac. 204; People v. Supervisors of Herkimer Co., 3 How. Prac. (N. S.) 241; People v. Supervisors of Delaware Co., 45 N. Y. 196; People v. Supervisors of Cortland Co., 58 Barb. 139; People v. Supervisors of St. Lawrence Co., 30 How. Prac. 173; People v. Saratoga Co., 33 Barb. 603; Huff v. Knapp, 5 N. Y. 65; People v. Stout, 23 Barb. 338; Brady v. Supervisors, 10 N. Y. 260. Each county, as a body corporate, was vested with the capacity, among other powers, "to sue and be sued in the manner prescribed by law." All actions, suits, and proceedings by or against a county in its corporate capacity were required to be in the name of the board of supervisors of such county. 2 Rev. St. (Banks' 7th Ed.) pt. 1, c. 12, tit. 1, art. 1, § 1, subd. 1; Id. tit. 3, art. 1, §§ 1, 2. And no county possessed or could exercise any corporate powers except such as

were enumerated in that chapter, or should be specially given by law, or necessary to the exercise of the powers so enumerated or given.   Among the powers conferred on the board of supervisors of each county was the right "to examine, settle, and allow all accounts chargeable against such county," and direct the raising of such sums as might be necessary to defray the same, and all accounts for county charges of every description were required to be presented to the board of supervisors to be audited and allowed.   There were also other provisions requiring such accounts to be itemized and verified, and giving to the board of supervisors power to examine witnesses on such investigation, and compel their attendance for that purpose.   All those provisions are repealed by the act of 1892, and another enactment relating to county charges and the audit thereof substituted therefor.   It becomes necessary, therefore, to ascertain whether the repeal of the former laws and the passage of the county law, in the foregoing respects, have taken away from the board of supervisors the exclusive jurisdiction which they formerly possessed to audit county charges.

It will be observed that the provisions of the county act, except where they may be regarded as more comprehensive than the former laws, are substantially the same.   The regulations as to presenting bills and accounts are the same.   Such accounts must also be itemized and verified; and, notwithstanding such verification, the board may reject and disallow a bill, and may examine witnesses on the subject, whose attendance may be compelled as formerly; and the board is authorized to make such additional regulations and requirements, not in conflict with law, concerning the keeping and rendering of official accounts and reports of its county and town officers, and the presentation and auditing of bills presented to the board or to the town boards of the county, as they may deem necessary for the efficiency of the same and the protection of the interests of the public.   All the necessary power and authority which formerly existed, and everything necessarily incidental to the proper exercise of judicial power in this respect, is carefully retained.   As the substituted provisions, therefore, are the same as those which they replace, it would seem that no construction can be given to them different from what formerly prevailed (People v. Green, 56 N. Y. 466); and unless a section of the county law, not yet referred to, has created a change in this respect, the former interpretation must be adhered to.

The section referred to is as follows:

"Sec. 3. Actions and Contracts in Corporate Name.—An action or special proceeding for or against a county or for its benefit and upon a contract lawfully made with it or with any of its officers or agents authorized to contract in its behalf or to enforce any liability created or duly enforced upon it or upon any of its officers or agents for which it is liable or to recover damages for any injury to any property or rights for which it is liable shall be in the name of the county.   All contracts or conveyances by or on behalf of a county shall be deemed to be in the name of the county whether so stated or not in the contract or conveyances."   Laws 1892, c. 686, § 3.

It seems very clear to my mind that this latter provision has no reference whatever to the laws relating to the audit of county

charges by the board of supervisors, and was only intended to change the law in respect to actions for or against the county which the former statutes declared should be in the name of the board of supervisors. The liability referred to there is the same contemplated by the latter section and no other. That liability did not include claims for county charges, every duty in connection with which was imposed exclusively upon the board of supervisors, and performance, if neglected or refused, could only be enforced by mandamus. Nor was the county liable for the nonfeasance or misfeasance of its officers. As the right to maintain an action against the county, therefore, under the latter section of the county act, depends now, as under the former law, upon this liability, and as no such condition exists with respect to county charges, it is impossible to see how this action can be sustained. See People v. Supervisors of Madison Co., 51 N. Y. 442; Boyce v. Supervisors, 20 Barb. 294; Chase v. Saratoga Co., 33 Barb. 603; Albrecht v. County of Queens, 84 Hun, 399, 32 N. Y. Supp. 473; People v. Barnes, 114 N. Y. 317, 20 N. E. 609, and 21 N. E. 739.

The counsel for the plaintiff insists very strenuously that this question is not before the referee, and claims that it must be assumed that the court, in referring the action, had already passed affirmatively upon the right of the plaintiff to maintain it. I can only regret my inability to concur in this proposition. On a reference to try and determine the issues in an action, the referee stands in the place of the court, and must "dispose of any question arising upon the decision of the issues referred to him in like manner as similar powers are exercised by the court upon a trial" (Code Civ. Proc. § 1018; Schuyler v. Smith, 51 N. Y. 309); and, as the question involving the right to maintain the action could not be disregarded by the court upon the trial, neither can it be overlooked by the referee. To pass upon the merits, therefore, under such circumstances, in the absence of power to render or enforce a judgment for the plaintiff, would be equally inconsistent and erroneous. Nor can the county, by any action on its part, obviate or remove this objection. It cannot relieve or enable the board of supervisors to escape from the performance of the duty imposed upon them by law to audit county charges, nor can it delegate or interfere with the power conferred exclusively upon them for that purpose, or itself assume such authority. In short, it has no power or authority except such as is given to it by statute, which includes certain incidental powers not enumerated, but necessary for the exercise of those which are expressly declared; and it cannot be subjected to an action at law to recover a county charge, or, by consent, failure to demur, or otherwise, enlarge or extend its powers in this respect, or validate an action which the law does not authorize, and which the court cannot entertain.

I am therefore compelled to dismiss the complaint, with costs.