CHARLES BEARDSLEY, Respondent, *v.* GEORGE H. COOK, Appellant.

BUILDING CONTRACT — RIGHTS OF OWNER AND SUB-CONTRACTOR, UNDER ORDER FROM CONTRACTOR. If, after the owner of a building in course of construction under a contract payable in installments has accepted an order drawn by the contractor in favor of a sub-contractor, payable out of the final installment, the contractor fails to perform by the stipulated date, and the owner then makes a supplemental contract with him for performance by a new date and he again fails to perform, and the owner, having the amount of the final installment in his hands unpaid, makes payments to the contractor not due under the contract, and finally completes the work himself, as provided by the contract, he is not entitled to deduct such payments from the fund applicable to the payment of the sub-contractor for material furnished and used, although entitled to deduct from the fund the expense of completing the work.

*Beardsley* v. *Cook*, 89 Hun, 151, affirmed.

(Submitted December 16, 1897; decided January 11, 1898.)

APPEAL from a judgment of the General Term of the Supreme Court in the second judicial department entered August 1, 1895, affirming a judgment in favor of plaintiff, entered upon a verdict directed by the court.

This action was brought to recover the amount alleged to be due upon the following order:

"Mr. GEORGE H. COOK,

         No. 50 Broadway, N. Y. City:

"Retain and pay to Charles Beardsley of Poughkeepsie, N. Y., from the last payment to be made by you to us on account of our contract for building houses in Dean street, Brooklyn, the sum of eleven hundred and seventy-five ($1,175) dollars according to the terms of our contract with Mr. Beardsley.

                      DAVIS & FAY.

"Dated NEW YORK, *December* 11, 1890."

The facts, so far as material, are stated in the opinion.

*John H. Clapp* for appellant. The most that plaintiff can possibly get in this case is a judgment for the balance remain-

ing in the hands of the defendant. (*Beardsley* v. *Cook*, 143 N. Y. 150.)

*Henry Bacon* for respondent. The denial of the motion to dismiss the complaint presents no question for review in this court. (Code Civ. Pro. § 995; *Bissell* v. *Studley*, 3 Keyes, 213; *Briggs* v. *Waldron*, 83 N. Y. 582; *Schwinger* v. *Raymond*, 105 N. Y. 648; *Foulke* v. *Thalmessinger*, 1 App. Div. 598.) The defendant having moved that judgment be directed for the plaintiff waived all question of his liability to pay plaintiff something, and any question which might otherwise have arisen upon the plaintiff's right to maintain this action. (*Ormes* v. *Dauchy*, 82 N. Y. 443; *Dillon* v. *Cockroft*, 90 N. Y. 649; *Dauscha* v. *Brower*, 72 Hun, 221; *O'Neil* v. *H. V. I. Co.*, 74 Hun, 163.) Both parties having requested the court to direct a verdict, the amount of damages, as directed, is conclusive. (*Daly* v. *Wise*, 132 N. Y. 306; *Kirtz* v. *Peck*, 113 N. Y. 222; *Provost* v. *McEncroe*, 102 N. Y. 650; *T. L. Co.* v. *Holbert*, 5 App. Div. 559.) The rule of damages adopted by the court was the correct one. (*Lowery* v. *Steward*, 25 N. Y. 239; *Risley* v. *Smith*, 64 N. Y. 576; *Kingsley* v. *City of Brooklyn*, 78 N. Y. 200; *Brill* v. *Tuttle*, 81 N. Y. 454; *Gibson* v. *Lenane*, 94 N. Y. 183; *Home Bank* v. *Drumgoole*, 109 N. Y. 63; *Lauer* v. *Dunn*, 115 N. Y. 405; *Stevens* v. *Ogden*, 130 N. Y. 182; *Crouch* v. *Muller*, 141 N. Y. 495; *Beardsley* v. *Cook*, 143 N. Y. 143; *H. B. Co.* v. *N. Y. C. & H. R. R. R. Co.*, 145 N. Y. 390; *Newman* v. *Levy*, 84 Hun, 478.) The final payment on the contract of Davis & Fay was due before this suit was commenced. Payment of the value of the materials furnished by plaintiff and used in the defendant's buildings became immediately thereafter due upon their accepted order, and to that amount the recovery was restricted. (*Nolan* v. *Whitney*, 88 N. Y. 648; *Flaherty* v. *Miner*, 123 N. Y. 382; *Crouch* v. *Gutmann*, 134 N. Y. 45.) The defendant having elected to proceed and complete the buildings under the contract with Davis & Fay, the architect's certificate was not

required in order to entitle plaintiff to recover. (*Kingsley* v. *City of Brooklyn*, 78 N. Y. 200; *Crouch* v. *Gutmann*, 134 N. Y. 45; *Weeks* v. *O'Brien*, 141 N. Y. 199.) Plaintiff is entitled to recover the amount due to him out of the last payment after deducting only costs of completion by defendant. (*Murphy* v. *Buckman*, 66 N. Y. 297; *Van Clief* v. *Van Vechten*, 130 N. Y. 571; *Ogden* v. *Alexander*, 140 N. Y. 356.)

BARTLETT, J. Davis and Fay, contractors, on the 1st day of August, 1890, entered into a written agreement with the defendant Cook to erect two buildings for him on Dean street in the city of Brooklyn, to be completed on the 1st day of January, 1891, at a total cost of $6,381, payable in seven payments, the last amounting to $2,181.

Thereupon the contractors entered into an agreement with the plaintiff Beardsley to furnish them sash, blinds, glass and other trim to be placed in the buildings, aggregating in value $1,175.

In order to secure plaintiff, the contractors gave him an order upon the defendant for $1,175, payable out of the last payment to be made them. This order was duly accepted by the defendant.

The original contract between defendant and the builders provided that, if the latter refused or neglected to perform, the defendant could complete the work and deduct the expense from the amount of the contract.

It is admitted that the contractors failed to perform and the defendant completed the work at an expense of $677.17.

The course taken by this case at the trial only renders it necessary to determine under the proofs the balance of the last payment remaining in the defendant's hands after deducting the sum expended by him in completing the buildings.

At the close of the plaintiff's case, the defendant, introducing no evidence, moved that a verdict be directed for the plaintiff for the sum of $313.08.

The plaintiff moved for a direction of verdict in his favor

for the sum of $1,000, goods furnished the contractors, and $213 of interest, making a total of $1,213. The court thereupon directed a verdict in favor of plaintiff for the latter sum.

There was no motion for a new trial. A motion was made to dismiss the complaint, which was denied, and no exception taken.

It appears that after Davis and Fay failed to perform their contract, the defendant entered into a supplemental contract on February 2nd, 1891, with them, wherein he agreed to advance a certain sum, and they were to finish all outside work; all doors and sashes were to be hung in place, locks on and plumbing inclosed by February 10th, 1891, and in case they failed to perform, plaintiff was at liberty to complete the work.

The work continued under this arrangement until March 19th, when the defendant was obliged to complete the buildings.

It is undisputed that on the 18th of February, 1891, the defendant had completed the sixth payment under the contract, and had paid $50 in excess, so that at the time the contractors had finally failed in performance, February 10th, 1891, the defendant had unpaid in his possession, substantially the total amount of the seventh or final payment of $2,181.

It is also a very material fact that this supplemental contract in no way concerned the plaintiff, as it was a new arrangement between defendant and the contractors.

It also appears that notwithstanding the existence of plaintiff's accepted order on defendant, he continued to make payments to the contractors between February 28th and March 14th, 1891, aggregating a little more than $1,100, and which amounts were not due under the terms of the original contract.

It is by adding this amount to the sum actually expended by the defendant in completing the work that shows a balance of only $313.08 unexpended in defendant's possession and applicable to the payment of plaintiff's order.

On the contrary, the non-allowance of these unauthorized and undue payments shows a balance in defendant's hands of

the final payment, after deducting the amount expended by him in completing the work, of $1,503.83, or more than enough to pay the directed verdict.

The present appeal is from a judgment of affirmance by the General Term after a second trial.

The case was before this court on an appeal from a judgment of the General Term affirming a judgment at the first trial in favor of the plaintiff at Special Term.

This court reversed the judgment and ordered a new trial on the ground that the trial judge refused to find that the contractors failed to perform their contract, and also refused to find the amount expended by the defendant in completing the buildings, and held that plaintiff could only recover the balance in defendant's hands after he had been reimbursed the amount expended by him in completing the work. (143 N. Y. 143.)

At the second trial this proof was supplied.

We are of opinion that the payments made to the contractors between February 28th and March 14th, 1891, by the defendant, as already alluded to, were unauthorized and not binding upon the plaintiff.

It follows that a proper disposition was made of the case by the trial judge.

The judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.