PEOPLE ex rel. MARTIN, BING & CO. v. WESTCHESTER COUNTY et al.

(Supreme Court, Appellate Division, Second Department. January 11, 1901.)

1. COUNTY BOARD—AUDIT OF CLAIMS—REVIEW—CERTIORARI.
    The action of a county board on a claim presented for audit is final where the claim is passed on, and allowed in part and rejected in part, and is therefore subject to review by certiorari, under Code Civ. Proc. § 2122, subd. 1, permitting such writs to issue to review a determination which finally determines the rights of the parties.

2. SAME—EQUITABLE ASSIGNMENTS.
    A written order given by building contractors on a county, directing the building committee of the county to pay a subcontractor "such amounts as may be due them from us," which has been accepted by such committee, is binding on the county as an equitable assignment, though the order names no specific sum, if the sum can be definitely ascertained from the contracts between the parties; and the county is bound to retain the sum to be paid under the subcontract before paying the principal contractor.

3. COUNTIES—CONVERSION BY OFFICERS.
    A county is not liable for a claim based on an alleged conversion of property by its officers, since County Law 1892 imposes no liability on counties for the malfeasance of its officers.

4. SAME—CLAIMS—AUDIT.
    The allowance by a county board of a gross sum on an itemized claim against the county, without passing on each item, is not a proper audit.

Certiorari by the people, on relation of Martin, Bing & Co., against the county of Westchester and the board of supervisors of said county, to review an audit of relator's claim against the county by the county board. Judgment for relator.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, and JENKS, JJ.

Henry C. Griffin, for relator.
W. J. Townsend, for respondents.

JENKS, J. It is insisted that this writ of certiorari to review an audit of a claim by the board of supervisors of the county of Westchester does not lie. No forbidding precedent is cited. But the proposition is this: Subdivision 1 of section 2122 of the Code of Civil Procedure prohibits it, as the right to sue on the claim negatives the idea that the audit finally determines the rights of the parties. The appellant cites People ex rel. Gorr v. Schoonover, 43 App. Div. 539, 60 N. Y Supp. 127, and Kennedy v. Queens Co., 47 App. Div. 250, 62 N. Y. Supp. 276. From the earliest time in the history of the state, claims against a county were necessarily presented to the board of supervisors for audit. Albrecht v. Queens Co., 84 Hun, 399, 32 N. Y. Supp. 473; People v. Green, 56 N. Y. 466. In the latter case, the court, per Johnson, J., say that "this jurisdiction of the board of supervisors, over the allowance of county charges, had, by its long-continued and uniform existence, become as nearly fundamental in the administrative polity of this state as any mere statutory regulation could be." Where the claim was not fixed by statute, and therefore the audit involved discretion or judgment, the determination was beyond collateral attack, and conclusive, unless reversed on review by certiorari. Albrecht v. Queens Co., supra; Osterhoudt v. Rigney, 98 N. Y. 222; People v. Barnes, 114 N. Y. 317, 20 N. E. 609, 21 N. E. 739. Gorr's Case, supra, involved the audit of a village board under a village charter. It was decided upon the authority of Port Jervis Waterworks Co. v. Village of Port Jervis, 151 N. Y. 111, 45 N. E. 388, which also dealt with a similar audit. In the opinion of the court, Haight, J., said: "In support of this contention, our attention is called to the case of Brady v. Supervisors, 2 Sandf. 460, 10 N. Y. 260, and other similar cases, but, to our minds, these cases are not applicable, and have no bearing upon the questions under consideration." Brady v. Supervisors, supra, was a claim for services against the county. The "other similar cases," which appear in the memorandum of the counsel's points, and which, so far as this point is concerned, are People v. Board of Sup'rs of Montgomery Co., 67 N. Y. 109; Osterhoudt v. Rigney, supra; People v. Barnes, supra; Culross v. Gibbons, 130 N. Y. 447, 29 N. E. 839; McDonnell v. Mayor, etc., 4 Hun, 472,—all relate to the audits of county or of town boards. And plainly the reason in the mind of the learned judge that those cases were not applicable to the audit of a body of village officers was that the audits in those cases were made by county or by town officials. This is indicated by the language of the opinion that immediately follows; for, after writing

that the said decisions were not applicable as quoted supra, he proceeds:

"Counties and towns are the civil divisions of the state, and as such are not subject to actions, except in so far as the statute has given them corporate capacity, with the right to sue and be sued. With cities and villages it is quite different. They are corporations created by the legislature, and as such may be sued in any of the courts of the state having jurisdiction of the subject-matter."

This decision was rendered in 1896, four years subsequent to the enactment of the county law. In Kennedy v. Queens Co., supra, the court, while holding that when a liquidated demand exists against a county, which the board rejects, refusing to recognize the contract and refusing to pay the minimum price named therein, although the plaintiff had performed, there was a right of action against the county, said, per Goodrich, P. J.:

"By this construction of all the provisions of the county law relating to the subject before us, an orderly system for the judicial determination and enforcement of claims by and against counties is established. The claimant may present his account for audit and voluntary payment, and may still compel such audit by mandamus, or have the proceedings reviewed by certiorari, or, at his option, he may at once bring action, and have the amount of his claim originally determined by the courts, and, if successful, have payment thereof enforced by judgment, and the remedies thereon. This conclusion is not inconsistent with any of the reported cases above cited. As was said by Judge Finch, speaking for the court, in Thomas v. Board, 115 N. Y. 47, 55, 21 N. E. 674, 676, 4 L. R. A. 477, 479: 'The two provisions can stand together as furnishing a double remedy for the same default.'" Page 257, 47 App. Div., page 281, 62 N. Y. Supp.

If any action of the board upon a claim could be final, surely the action now up for review is final. The board has received the claim, and has acted by allowance in part and by rejection in part. This is an audit. People v. Barnes, supra; People v. Board of Apportionment and Audit, 52 N. Y. 224, 227. Thus, the board has performed its function, and nothing remains to be done to complete its final act. I am of opinion that the writ lies.

Douglass & Donohue were the contractors for the county building, and the relator had a subcontract therein with them. The former executed the following instrument:

"We, the undersigned, Douglass and Donohue, hereby agree that the committee on superintendent of poor and asylums, having in charge the building of the hospital at county house at Eastview, New York, shall pay to Martin, Bing & Company such amounts as may be due them from us, and deduct the same from money due us by said committee."

I think that this was an equitable assignment made by the contractors to the subcontractors (Brill v. Tuttle, 81 N. Y. 454; Lauer v. Dunn, 115 N. Y. 405, 22 N. E. 270; Stevens v. Ogden, 130 N. Y. 182, 29 N. E. 229), and that there is evidence to establish that the respondents both had notice of it and accepted it. Though the order named no specific sum, yet the undisputed facts, known or accessible to the relator at the time, limited the scope thereof; for on July 1, 1896, the respondents had made a contract with Douglass & Donohue for this work amounting to $8,900, and, on the 7th day of July, Douglass & Donohue had made a contract with the re-

lator upon the same building for $2,500. Thus the amount in contemplation as possibly due to the contractors was $8,900, while the limit of the relative amount due to the relator was $2,500. The learned counsel for the respondents contends that this view would have required the respondents to retain $2,500 before any payments could have been made to the contractors which would be a violation of the contract with the contractors. But it is difficult to see how the contractors could legally have objected to such course, had it been necessary, in face of their own equitable assignment, which alone made such course necessary. If, at the time of this equitable assignment, any money was due from the county on this contract to Douglass & Donohue, or thereafter became due, then it was applicable to any amount that was then or thereafter due to the relator under the subcontract with Douglass & Donohue. Beardsley v. Cook, 154 N. Y. 707, 49 N. E. 126. It is admitted that Douglas & Donohue, subsequent to the execution of this assignment, were paid at various intervals more than $5,000; and the foreman of the relator testifies that he told the committee that Douglass & Donohue were not paying the relator its due, and that he asked the committee of the board, or one of its members, to withhold the moneys.

That part of the claim which covers building material is based upon an alleged conversion, in that the county, through its officers and agents, refused to permit the relator to assume possession of it, and has at all times refused to permit its removal. Previous to the law of 1892, no liability rested upon a county for the malfeasance of its officers. Albrecht v. Queens Co., supra. And the new statute imposes no new liability upon them. Godfrey v. Queens Co., 89 Hun, 18, 34 N. Y. Supp. 1052; Markey v. Queens Co., 154 N. Y. 675, 686, 49 N. E. 71, 39 L. R. A. 46. The part of the claim that refers to the roof of the hospital building was itemized, but the sum was audited in a reduced amount, while the board should have passed upon and have allowed, or have disallowed, the various items. People v. Board of Sup'rs of Fulton Co., 74 Hun, 251, 255, 26 N. Y. Supp. 610; Same v. Board of Auditors of Town of Elmira, 82 N. Y. 80; Same v. Board of Sup'rs of Delaware Co., 45 N. Y. 196. We cannot dictate the amount, if any, that should be allowed for these items, but we can prescribe the form of audit.

The determination must be annulled as to all parties, without costs in this court. All concur.

WOODWARD and HIRSCHBERG, JJ., concur in the result, limiting their concurrence only because they do not accord with the doctrine of Kennedy v. Queens Co., 47 App. Div. 250, 62 N. Y. Supp. 276, if that case is to be regarded as authority for the proposition that in all cases a claimant may maintain an action at law against a county, at his option.