## FOY v. WESTCHESTER COUNTY.

(Supreme Court, Appellate Division, Second Department. April 19, 1901.)

COUNTIES—ELECTION OF REMEDIES—SUBMISSION OF CLAIMS.

Where a surgeon entitled to compensation from a county for post mortem examinations, as provided by Laws 1873, c. 833, § 2, as amended by Laws 1874, c. 535, § 2, submits his claim to audit, and it is audited and allowed in part and rejected in part, such audit is final, and is reviewable only by certiorari; and he cannot thereafter sue the county for the entire claim, as if no audit had been made.

Appeal from special term, Westchester county.

Action by Michael H. Foy against the county of Westchester. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Joseph F. Daly, for appellant.
J. Addison Young, for respondent.

GOODRICH, P. J. The complaint alleges that the plaintiff performed services as a physician and surgeon in making post mortem examinations at inquests and examinations held by the coroners in the county of Westchester, and at their request; that the defendant agreed to pay for each examination $20; and that the defendant "audited and allowed for each of said post mortem examinations the sum of ten dollars, which the plaintiff refused and still refuses to receive, for the reason that it isn't the value of such service." The defendant demurs, on the ground that the complaint does not state facts sufficient to constitute a cause of action. The court at special term sustained the demurrer, and the plaintiff appeals.

The plaintiff's services were rendered pursuant to the provisions of section 2, c. 833, of the Laws of 1873, as amended by chapter 535 of the Laws of 1874, which reads as follows:

"Sec. 2. A coroner shall have power, when necessary, to employ not more than two competent surgeons to make post-mortem examinations and dissections and to testify to the same, the compensation thereof to be a county charge."

The demurrer raises the question whether an action can be maintained against a county, eo nomine, upon such a claim, which has been submitted to audit, and has been audited and allowed in part and rejected in part. In Kennedy v. Queens Co., 47 App. Div. 250, 62 N. Y. Supp. 276, we held that a claimant, such as the plaintiff therein was, had his option of two remedies,—either audit and voluntary payment, and, if necessary, compulsory audit by mandamus or review of the proceedings of audit by certiorari, or an action directly against the county. This was quite different from holding that a claimant on quantum meruit, having exercised his option of remedies by selecting the remedy of audit, can disregard and reject the audit, which merely reduces his valuation of his personal services, and allows therefor a sum which the auditing authority declares to be the proper valuation, and can sue the county for the entire amount of his claim. Yet that is what the plaintiff demands by the present action. We distinctly held in People v. Westchester Co., 57 App. Div. 135, 67 N. Y. Supp. 981, following People v. Board of Apportionment and Audit, 52 N. Y. 224, and People v. Barnes, 114 N. Y. 317, 20 N. E. 609, 21 N. E. 739, that where an auditing board has received a claim, and acted by allowance in part and rejection in part, there was an audit, and that this act was final. That was a case where there were items of an account, some of which were rejected and some allowed. The present action is still stronger, as each item of an entire claim for personal services was audited and allowed, but the amount of each item was reduced. Such an audit is final, and reviewable only by certiorari, and the plaintiff, having elected an audit as his remedy, cannot thereafter maintain his action as if no audit had been had. The demurrer was properly sustained, and the judgment should be affirmed.

Judgment affirmed, with costs. All concur.