MICHAEL H. FOY, Appellant, *v.* THE COUNTY OF WESTCHESTER, Respondent.

*County — it cannot be sued on a claim for services audited and reduced as to each item.*

Where, in auditing a claim based on *quantum meruit* for personal services rendered to a county, the auditing body reduces each item of the claim and allows each item at the reduced amount, the claimant cannot disregard the audit and sue the county *eo nomine* for the entire amount of his claim. Such an audit is final and is reviewable only by certiorari.

APPEAL by the plaintiff, Michael H. Foy, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 12th day of November, 1900, upon the decision of the court rendered after a trial at the Westchester Special Term.

*Joseph F. Daly*, for the appellant.

*J. Addison Young*, for the respondent.

GOODRICH, P. J.:

The complaint alleges that the plaintiff performed services as a physician and surgeon in making *post-mortem* examinations at inquests and examinations held by the coroners in the county of Westchester and at their request; that the defendant agreed to pay for each examination twenty dollars, and that the defendant "audited and allowed for each of said *post-mortem* examinations the sum of ten dollars, which this plaintiff refused and still refuses to receive, for the reason that it isn't the value of such services." The defendant demurs on the ground that the complaint does not state facts sufficient to constitute a cause of action. The court at Special Term sustained the demurrer and the plaintiff appeals.

The plaintiff's services were rendered pursuant to the provisions of section 2, chapter 833 of the Laws of 1873, as amended by chapter 535 of the Laws of 1874, which reads as follows: "§ 2. A coroner shall have power, when necessary, to employ not more than two competent surgeons to make *post-mortem* examinations and dissections and to testify to the same, the compensation therefor to be a county charge."

The demurrer raises the question whether an action can be maintained against a county *eo nomine* upon such a claim which has been submitted to audit and has been audited and allowed in part and rejected in part.

In *Kennedy* v. *County of Queens* (47 App. Div. 250) we held that a claimant, such as the plaintiff therein was, had his option of two remedies, either audit and voluntary payment, and, if necessary, compulsory audit by mandamus or review of the proceedings of audit by certiorari, or an action directly against the county. This was quite different from holding that a claimant on *quantum meruit*, having exercised his option of remedies by selecting the remedy of audit, can disregard and reject the audit, which merely reduces his valuation of his personal services and allows therefor a sum which the auditing authority declares to be the proper valuation, and can sue the county for the entire amount of his claim. Yet that is what the plaintiff demands by the present action.

We distinctly held in *People ex rel. Martin, Bing & Co.* v. *Westchester Co.* (57 App. Div. 135), following *People ex rel. Brown* v. *Board of Apportionment* (52 N. Y. 224) and *People ex rel. Myers*

v. *Barnes* (114 id. 317), that where an auditing board has received a claim and acted by allowance in part and rejection in part, there was an audit and that this act was final. That was a case where there were items of an account, some of which were rejected and some allowed. The present action is still stronger, as each item of an entire claim for personal services was audited and allowed, but the amount of each item was reduced. Such an audit is final, reviewable only by certiorari, and the plaintiff, having elected an audit as his remedy, cannot thereafter maintain his action as if no audit had been had.

The demurrer was properly sustained and the judgment should be affirmed.

All concurred.

Judgment affirmed, with costs.