NEW YORK PRACTICE REPORTS. **123**

Ensign agt. St. Louis and San Francisco Railway Co.

## SUPREME COURT.

ANDREW J. ENSIGN, appellant, agt. ST. LOUIS AND SAN FRAN-
CISCO RAILWAY COMPANY. (THREE CASES).

*Submission to arbitration — When it does not operate as a discontinuance of
the actions — Stay of proceedings — Practice.*

In March, 1880, these three actions were pending in this court, having
been referred to a referee to hear and determine. There were also
several suits pending in the circuit court of Christian county, Missouri
The parties entered into an agreement to submit all their matters in
difference to two arbitrators for settlement, "said arbitrators finding an
award to be final, and conclusive on the parties hereto." The submis-
sion also contained a clause, that "all suits now pending" are hereby
suspended until the award of said arbitrators is made, when the same
shall be dismissed:

*Held,* that this language indicates an intention upon the part of both
parties that the submission should not operate as an absolute discon-
tinuance of the several actions.

The suits were simply suspended during the time required to execute the
arbitration, and when the award was made then the actions were to be
dismissed. They could not regularly be moved by either party dur-
ing the lifetime of the submission.

Where it was said by plaintiff that the submission was procured by fraud;
that the arbitrators were stockholders of the defendant and therefore
not proper persons to act as arbitrators, and that the submission had
been revoked:

*Held,* that if these allegations were true the orderly course for the plain-
tiff to pursue would be to make a motion or bring a suit to set aside the
submission.

*Fourth Department, General Term, January,* 1881.

*Before* TALCOTT, *P. J.,* SMITH *and* HARDIN, *JJ.*

APPEAL from an order made at the Jefferson special term,
staying all proceedings in the three actions "until the award
is made in the arbitration referred to in the papers read on

motion, and in case no award is or shall be made as aforesaid, then until the further order of the court."

The defendant, upon the affidavit of John O. Day, which set out an agreement between the parties to arbitrate all matters and differences between them, applied for the stay.

The plaintiff read his affidavit in opposition to the motion, in which he set out several new matters, and upon which he asserts the motion should have been denied. The defendant had no opportunity to answer the new matter so set out in plaintiff's affidavit.

*A. B. Moore* and *John Lansing,* for appellant.

*McCartin & Williams,* for respondent.

HARDIN, *J.*— In March, 1880, these three actions were pending in this court, having been referred to a referee to hear and determine.

There were also several suits pending in the circuit court of Christian county, Missouri.

The parties entered into an agreement to submit all their matters in difference to the arbitrament of Calvin Littlefield and Ozias Bailey, for settlement, "said Littlefield and Bailey finding an award to be final and conclusive on the parties hereto."

The submission also contained a clause that "all suits now pending " are hereby suspended until the award of said arbitrators is made to the said circuit court of Christian county, when the same shall be dismissed.

This language indicates an intention upon the part of both parties that the submission should not operate as an absolute discontinuance of the several actions (*Ex parte Wright,* 6 *Cowen,* 399; *Jacoby* agt. *Johnston,* 1 *Hun,* 243; *Buel* agt. *Dewey,* 22 *How.,* 342; *Baldwin* agt. *Bennett,* 4 *Hun,* 120).

The suits were simply suspended during the time required to execute the arbitration, and when the award was made, then the actions were to be dismissed.

The actions could not regularly be moved by either party during the lifetime of the submission.

But it is said in behalf of the appellant that the submission was procured by fraud, and, secondly, that the arbitrators were stockholders of the defendant, and therefore not proper persons to act as arbitrators, and, thirdly, that the submission has been revoked. If these three allegations be true, the orderly course for the plaintiff to pursue would be to make a motion or bring a suit to set aside the submission.

The defendant ought to be given an opportunity to meet such averments before the court passes upon them.

The form of the revocation is not before us ; we express no opinion as to its validity (*Jacoby* agt. *Johnston, supra*).

It is also said that the defendants have waived the submission by admitting service of notice of hearing of these cases before the referee, and by moving the cases in the circuit court of Christian county, Missouri, and taking judgments therein since the submission. These questions can be considered when proceedings are taken to vacate or set aside the submission. We should affirm the order staying proceedings without prejudice, however, to the right of the plaintiff to take such steps as he shall be advised to vacate the submission.

The order should be affirmed, with ten dollars costs in one case only, and disbursements in all the cases.

TALCOTT, P. J., and SMITH, J., concurred.