(43 App. Div. 539.)

PEOPLE ex rel. GORR v. SCHOONOVER et al.

(Supreme Court, Appellate Division, Second Department. October 3, 1899.)

CLAIM AGAINST VILLAGE—DETERMINATION BY TRUSTEES—REVIEW BY CERTIORARI.

　　As the village charter of Port Jervis (Laws 1896, c. 529) § 1, gives the right to sue the village on a claim, the determination of its board of trustees thereon is not final; and Code Civ. Proc. § 2122, providing that a writ of certiorari cannot be issued to review a determination not final, precludes a review by certiorari of their rejection of a claim.

Appeal from special term, Orange county.

Certiorari by the people, on the relation of Philip Gorr, against George Schoonover, as president, and others as trustees, of the village of Port Jervis. Writ dismissed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

H. B. Fullerton, for relator.
William A. Parshall, for defendants.

WOODWARD, J. On the 2d day of May, 1898, the relator presented to the president and board of trustees of the village of Port Jervis an account for fees for services rendered in executing commitments of the police justice in the manner prescribed by chapter 529 of the Laws of 1896. This bill the president and board of trustees refused to audit and allow, and the relator made an application to the supreme court for a writ of certiorari to review the act and determination of the defendants. An order issued out of the court, and the defendants duly made return to the same. Thereafter the relator made application for an order directing a further return to the original writ, and, upon this order issuing, the defendants made such further return.

Defendants' counsel urges that these proceedings should be dismissed upon the grounds that the writ of certiorari is not relator's proper remedy, that the village is not a party, and that in no event is the village liable to relator.

Section 2122 of the Code of Civil Procedure provides that:

"Except as otherwise expressly prescribed by statute, a writ of certiorari cannot be issued, in either of the following cases: (1) To review a determination, which does not finally determine the rights of the parties with respect to the matter to be reviewed," etc.

Section 1 of chapter 529 of the Laws of 1896 (being the charter of the village of Port Jervis) provides that the village shall be authorized to sue and be sued. It also provides in sections 91 and 92 of the same act for the auditing of bills against the village, but "no such account or claim shall be audited or allowed by the trustees unless it shall be accompanied with an affidavit of the person claiming," etc.; and it is further provided that the board of trustees may administer an oath, and examine the claimant more fully as to the merits of the account. Section 93 provides that:

"Nothing in the last preceding section shall be construed to prevent the trustees from disallowing any account or claim, in whole or in part, when so made out and verified, nor from requiring other or further evidence of the correctness and reasonableness thereof."

The power to sue and be sued conferred by the statute, taken in connection with the provisions that the board of trustees may reject claims or accounts, indicates clearly that the legislature did not intend that the refusal of the board to audit a claim or account was a final determination of the question between the parties. All claims and accounts must be presented to the board of trustees for audit and allowance, and, if their refusal to audit was final, there would be no occasion for any one to sue the village, and in such a case the relator would be obliged to proceed by certiorari. The right to sue, however, completely negatives the idea that the determination of the board of trustees is final upon the liability of the village to a claimant. As the Code of Civil Procedure forbids that the writ of certiorari shall issue in such a case, we are forced to conclude that the relator has mistaken his remedy, and that the proceedings should be dismissed. See Port Jervis Waterworks Co. v. Village of Port Jervis, 151 N. Y. 111, 115, 45 N. E. 388.

The proceedings should be dismissed, with costs.

Writ of certiorari dismissed, with $10 costs and disbursements. All concur.