PEOPLE ex rel. GOODWIN v. COLER.

(Supreme Court, Appellate Division, Second Department. March 6, 1900.)

1. MANDAMUS—DEFENSES—INSUFFICIENCY.
    Where an affidavit in answer to an application for mandamus is based on information acquired by affiant, and fails to specify the evidence in support thereof, it cannot be considered in determining whether plaintiff is entitled to the relief demanded.

2. COUNTIES—MUNICIPAL CORPORATIONS—CLAIMS AGAINST—MANDAMUS.
    Where a claim against a county has never been formally rejected or allowed, mandamus will lie to compel the comptroller having authority to audit such claims to act thereon.

Appeal from special term, Richmond county.

Application by the people, on relation of Henry T. Goodwin, for mandamus against Bird S. Coler, as comptroller of the city of New York. From an order denying writ, relator appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

William M. Mullen, for appellant.
William J. Carr, for respondent.

WILLARD BARTLETT, J.　Before the formation of the present city of New York, a coroner in the county of Richmond was empowered to employ not more than two competent surgeons to make post mortem examinations and dissections.　Chapter 833, Laws 1873, as amended by chapter 535, Laws 1874.　The statute declared that the compensation for the services thus rendered should be a county charge.　According to the affidavit of the relator in this proceeding, he was employed under the statute cited in the year 1896 by one John T. Oates, a coroner in the county of Richmond, and made post mortem examinations, the fair and reasonable value of which amounted to $305.　An itemized statement in writing of the relator's claim for such services was presented for audit to the board of supervisors of Richmond county in October, 1896.　It appears to have been referred to various committees, and finally to a committee of the whole board, which reported progress thereon; but no further action was taken, and the board finally adjourned in 1897 without having audited the claim.　It was subsequently, on November 21, 1898, presented to the comptroller of the city of New York, who caused the relator to be examined in reference to the account, under section 149 of the Greater New York Charter (chapter 378, Laws 1897).　After this examination the matter appears to have been referred to the corporation counsel, one of whose assistants informed the relator's attorney, on August 10, 1899, that the examination of the claim had not yet been completed.　Thereupon, about a month later, the present proceeding was instituted.

In answer to the affidavit of the relator, upon which the application was based, which stated the facts substantially as hereinbefore set forth, the corporation counsel submitted an affidavit by an examiner of claims in his office, stating that he had made an examination of some of the items on the relator's bill, and that he had secured affidavits in regard to three of them, which he described as being annexed.　No such affidavits were in fact annexed or submitted to the court at special term, or appear in the printed appeal book.　The examiner further stated that, while he was unable to give any opinion in regard to the amount due, if any, to the claimant, yet from information which he had received in the course of his investigation he found a portion of said claim, at least, to be false and fraudulent.　This attack upon the good faith of the relator and the character of his claim ought not to have been inserted in the opposing affidavit without a specific reference to the evidence in support of the allegation, which was confessedly not within the personal knowledge of the affiant.　This examiner's affidavit cannot be regarded as raising any issue of fact.　It lacks the definiteness essential to render it available for that purpose. People v. Coler, 34 App. Div. 167, 170, 54 N. Y. Supp. 639.　The case must therefore be disposed of upon the questions of law arising upon the facts alleged in the affidavit of the relator.

The learned judge at special term, though impressed by the careful and able brief of counsel for the applicant, thought that an action should be brought upon the claim, and therefore denied the application for a writ of mandamus.　It does not seem to us clear,

however, that the relator could at this time maintain a suit at law upon his claim. That claim constituted a county charge. "From the earliest period in the history of the state to the present," said Cullen, J., in Albrecht v. Queens Co., 84 Hun, 399, 32 N. Y. Supp. 473, "it has been necessary to present claims against the county to the board of supervisors for audit. With some unimportant exceptions, dependent on special statutes, or where the claim was liquidated by the existence of a county obligation for a specific sum, suits could not be maintained against the county for claims or county charges." See, also, Taylor v. Mayor, etc., 82 N. Y. 11, 22. In the case of Kennedy v. Queens Co. (not yet officially reported) 62 N. Y. Supp. 276, recently decided by this court, it was held that this rule, to the effect that a county charge is not the subject of an action at law against a county, did not apply to a claim which had been presented to the board of supervisors, and had been by them formally rejected and repudiated as an obligation of the county. In the present case, however, the relator's claim has never been rejected, either by the board of supervisors of Richmond county or by the comptroller, who is held to be the successor of that body as the auditing authority of claims against the former county of Richmond. People v. Coler, supra; MacDonald v. City of New York, 42 App. Div. 263, 59 N. Y. Supp. 16. The Kennedy Case, therefore, is not an authority for the maintenance of an action at law to collect this claim.

It is furthermore to be observed that the relator does not seek to collect his claim in this proceeding, but desires merely to compel the comptroller to audit it,—that is to say, pass upon it one way or the other,—and allow or disallow the several items of which it is composed. He is clearly entitled to relief to this extent. The remedies which will be available to him hereafter for the purpose of enforcing payment will depend upon the disposition of his claim which may be made by the comptroller; but it is only just that the comptroller should be required to dispose of it without further delay. Of course, the writ of mandamus will not oblige that officer to allow any portion of the relator's claim which appears to be fraudulent, or which for any other reason does not constitute a valid obligation of the city of New York.

Order reversed, with $10 costs and disbursements, and application granted. All concur; GOODRICH, P. J., in result.