PEOPLE ex rel. MARTIN et al. v. WESTCHESTER COUNTY et al.

(Supreme Court, Appellate Division, Second Department. July 9, 1900.)

1. CERTIORARI—APPELLATE DIVISION—JURISDICTION—CONSENT.
Under Code Civ. Proc. § 2138, declaring that in certiorari proceedings the cause must be heard at a term of the appellate division of the supreme court, the fact that defendants consented to the appointment of a referee by the special term, to take testimony and report on relator's claim, and specially waived any question of the court's jurisdiction to make such appointment, did not confer jurisdiction on the special term to enter judgment on the referee's report, since the appellate division's jurisdiction is exclusive.

2. SAME—ARBITRATION—REFEREE'S REPORT—CONCLUSIVENESS.
Where, on certiorari to review the action of the board of supervisors in auditing relator's claim, relator moved for a further return, the fact that the board by resolution consented to the appointment of a referee to take testimony and report on such claim by the special term, and that the referee's finding should be approved by the supreme court, was not a submission of the question of arbitration, and hence the report of the referee was not conclusive on the board.

3. SAME—CLAIM AGAINST COUNTY—ACTION AT LAW.
Where the board of supervisors in auditing relator's claim had allowed it in part, relator was not precluded from bringing certiorari to review such action of the board on the ground that he had an action at law, since his claim had not been disallowed by the board.

Appeal from special term, Westchester county.

Certiorari by the people, on the relation of Martin, Bing & Co., to review the action of the board of supervisors in auditing relators' claim. From a judgment of the special term in favor of relators, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

W. J. Townsend, for appellants.
Henry C. Griffin, for respondents.

JENKS, J. The relators obtained a writ of certiorari to review the action of the board of supervisors of the county of Westchester in audit of their claim and account. The respondents made return, and the relators moved for a further return. Thereafter the said board of supervisors resolved:

"Whereas, in the matter of the certiorari proceedings now pending for determination of the claim of Martin, Bing & Co. for labor and materials claimed to have been furnished in the erection of the hospital at the county alms house, and a motion has been made for a further return, resolved, that this board hereby consents to the appointment of a referee by the supreme court, on said motion to take testimony as to the facts touching the merits of said claim of Martin, Bing & Co. against the county of Westchester, to report to the court his findings of fact and conclusions of law, together with the testimony; and this board hereby waives any question of jurisdiction that there may be as to the right of the court to make such appointment."

The special term then made an order that the motion for a further return be granted, and that a referee be appointed "to take testimony as to the facts touching the merits of said claim of Martin, Bing & Co. against the county of Westchester, and to report of [sic] this court the testimony so taken, together with his findings of fact and conclusions of law," and further ordered that "said testimony, findings of fact, and conclusions of law, when and as so found by said referee and finally approved by the supreme court, shall be audited, allowed, and the amount so found due and so finally approved shall be ordered paid, by the respondent, the board of supervisors of Westchester county." The reference went to hearing, and the referee reported in favor of the relators. Exceptions were filed to his report and findings, and at the hearing of the motion to confirm the report and for costs the respondents contended that the understanding of the parties, the purport of the consent of the supervisors, and the terms of the order contemplated that the special term had no power to make an order or to render a judgment other than an order relating to the return upon which the case should be heard by the appellate division. The order of the special term, entered upon the said motion to confirm, ratifies, approves, and confirms the report of the referee, and determines that the relator is entitled to judgment against the board of supervisors for $1,495, interest, cost, and extra allowance, and directed judgment therefor, which was entered in accordance therewith. The respondents appeal from the order of the special term confirming the report of the referee, and from the judgment entered upon such order.

The Code of Civil Procedure provides for a hearing of the cause by the appellate division. Section 2138. The motion before the special term was for a further return under section 2135, and I know of no authority that warranted this order of reference, or any of the proceedings that were based upon such order; for the effect of the order is to substitute the special term for the appellate division, and to rele-

gate the latter court, in any event, to review, not the action of the board of supervisors, as contemplated by the Code, but of the order of the special term, and judgment directed thereon. The consent of the board of supervisors cannot be held to confer jurisdiction of the subject-matter. In re Caffrey (decided in this court June 22, 1900) 65 N. Y. Supp. 470. We cannot consider the case as if a return were before us, rejecting any immaterial matter as surplusage, for the reason that the record does not contain any return. The proceedings are not to be regarded as an arbitration. The sole power intended to be conferred upon the referee by the consent or by the order was to take testimony and report, as a review by the supreme court of the testimony so taken and of the findings thereon was expressly provided for. But, if the order of reference was a submission to arbitration, this special proceeding was thereby discontinued. McNulty v. Solley, 95 N. Y. 242. And the order of reference also ordered a further return. The appellants have always contended that the cause must be heard by the appellate division, while the position of the relators is indicated by the following statement in the affidavit of their counsel upon the motion to confirm:

"It was understood by deponent that he should have the right to appeal from the report of the referee, if not satisfactory; and so the words 'finally approved by the supreme court' were put in, so as not to shut off the right of appeal of confirmation by the special term."

Though a general submission to arbitration is a discontinuance, for the reason that thereby the parties agree upon another tribunal, such is not the case where "a judgment upon the report or a cognovit is to follow." Ex parte Wright, 6 Cow. 399; Green v. Patchen, 13 Wend. 293; Ensign v. Railway Co., 62 How. Prac. 123.

The contention of the appellants that the certiorari proceedings are void ab initio, inasmuch as the sole remedy is an action against the county, under the joint authority of People v. Schoonover, 43 App. Div. 539, 60 N. Y. Supp. 127, and Kennedy v. Queens Co., 47 App. Div. 250, 62 N. Y. Supp. 276, cannot prevail. In People v. Coler, 48 App. Div. 492, 62 N. Y. Supp. 964, we held that, where the relator's claim had never been rejected by the board of supervisors, the Kennedy Case was not an authority for the maintenance of an action at law to collect the claim. The order confirming the report of the referee and directing judgment is reversed, and the judgment entered thereon must be vacated.

Order confirming the report of the referee and directing judgment reversed, and the judgment entered thereon vacated; costs to abide the event. All concur.