(159 App. Div. 455.)

NEW YORK CATHOLIC PROTECTORY v. ROCKLAND COUNTY.

(Supreme Court, Appellate Division, First Department. December 5, 1913.)

1. COUNTIES (§ 208*)—ACTIONS—CAPACITY TO SUE OR BE SUED.

A county is a municipal corporation which may sue or be sued.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 338; Dec. Dig. § 208.*]

2. COUNTIES (§ 197*) — CLAIMS AGAINST — APPROVAL BY SUPERVISORS — CONTRACT LIABILITIES.

There being no peremptory statute requiring a contract obligation against a county to be submitted to the board of supervisors for audit, a claimant has the option to submit it to the board or sue on it directly.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 309–311; Dec. Dig. § 197.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. COUNTIES (§ 206*)—CLAIMS—APPROVAL BY SUPERVISORS—EFFECT ON OTHER REMEDY.

Where a claimant, having the option to submit a contract obligation against a county to the board of supervisors for audit or to sue thereon directly, submits the claim to the board, and it is audited and allowed for any amount, such determination is judicial and must be reviewed by certiorari, and the right to sue the county directly is thereby lost.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 322, 323, 325–330; Dec. Dig. ᐧ§ 206.*]

4. COUNTIES (§ 206*)—CLAIM AGAINST—MANDAMUS—AUDIT.

In such case, where the board rejects the claim entirely by denying the contract obligation as matter of law, the claimant loses his right to sue directly, but may proceed by mandamus to establish his legal right and compel an audit.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 322, 323, 325–330; Dec. Dig. § 206.*] ᐧ

5. WORDS AND PHRASES—"AUDIT."

To "audit" is to hear; to examine an account; and in its proper sense it includes its adjustment or allowance, disallowance, or rejection.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 1, pp. 639–642.]

Dowling, J., dissenting.

Appeal from Special Term, New York County.

Action by the New York Catholic Protectory against Rockland County. From an order granting plaintiff's motion for judgment on the pleadings, with leave to defendant to answer within 20 days on the payment of costs, defendant appeals. Order reversed, and motion denied.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

George A. Blauvelt, of New York City, for appellant.

Joseph T. Ryan, of New York City, for respondent.

CLARKE, J. The complaint alleges: That the plaintiff is a domestic corporation created for the purpose of taking into its care children between the ages of 7 and 16 committed to it by judicial and other officers. That the defendant is a municipal corporation. That between the 25th and 26th of October, 1906, and September 1, 1911, plaintiff, at the special instance and request of the defendant, rendered certain services and furnished materials, the reasonable value of which defendant agreed to pay, in and for the care, maintenance, education, and support of 13 minor children duly committed to it, as juvenile delinquents; for 3 children committed as destitute. That the services performed and materials furnished were reasonably worth $3,967.11, which, though duly demanded, has not been paid.

"Sixth. Plaintiff further alleges that heretofore and on or before the 22d day of November, A. D. 1911, it duly presented in writing to the board of supervisors of said defendant, and demanded payment of its claim, a copy of which is hereto annexed and marked 'Schedules A and B,' made out in items and accompanied with an affidavit by its president, that the items in such accounts were correct, and that the disbursements and services charged therein have been in fact made and rendered, and that no part of the amount

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

claimed had been paid or satisfied, and defendant, by its said board of super-visors, did, as plaintiff is informed and believes, on or about the 22d day of January, A. D., 1912, wholly disallow said claim and refuses to pay same."

To this complaint the defendant demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action. Whereupon plaintiff moved for judgment on the pleadings, which motion having been granted, defendant appeals.

The appellant contends that the audit of the board of supervisors was conclusive on the plaintiff; that its only remedy was by certiorari to review the determination of the board; that no independent action will lie.

In Kennedy v. County of Queens, 47 App. Div. 250, 62 N. Y. Supp. 276, the question was whether an action could be maintained against a county eo nomine on a contract. The complaint contained a copy of the contract. It alleged that bills for the amount due were duly presented to the board of supervisors, and that the board passed a resolution refusing to recognize said contract and rejecting the bills, and that no part of the bill had been paid. The defendant contended that the remedy was by mandamus or certiorari against the supervisors, and that an action cannot be maintained against the county. Goodrich, P. J., demonstrated that the provisions of the Revised Statutes which had remained unchanged from January 1, 1830, to May 18, 1892, which made the presentation of "accounts for county charges" to the board of supervisors compulsory and had been held to prohibit the maintenance of actions thereon, had been deliberately and intentionally repealed without re-enactment in the County Law for the reasons stated by the commissioners of statutory revision in their report on the year 1891 of the proposed county law to the Legislature (volume 2, p. 1409). The court said, after discussing the statutes and the cases:

"It is reasonably clear that the revisers and the Legislature intended to abolish the absolute requirement that accounts for county charges of every description must be presented to the board of supervisors to be audited by it, and to leave it optional with claimants on such accounts either to present them for audit to the board of supervisors and obtain voluntary payment by the county of the amounts allowed on such audit, or, without such preliminary presentation for audit, to bring an action against the county in the name of the county 'in like cases as natural persons.' By this construction of all the provisions of the County Law relating to the subject before us, an orderly system for the judicial determination and enforcement of claims by and against counties is established. The claimant may present his account for audit and voluntary payment and may still compel such audit by mandamus or have the proceedings reviewed by certiorari, or, at his option, he may at once bring action and have the amount of his claim originally determined by the courts, and, if successful, have payment thereof enforced by judgment and the remedies thereon. This conclusion is not inconsistent with any of the reported cases."

Peo. ex rel. Goodwin v. Coler, 48 App. Div. 492, 62 N. Y. Supp. 964, was an application for a writ of mandamus requiring the comptroller of the city of New York to audit and adjust relator's claim growing out of an obligation with the county of Richmond, before consolidation. Willard Bartlett, J., said:

"The learned judge at Special Term * * * thought that an action should be brought upon the claim, and therefore denied the application for a

writ of mandamus. It does not seem to us clear, however, that the relator could at this time maintain a suit at law upon his claim. That claim constituted a county charge. 'From the earliest period in the history of the state to the present,' said Cullen, J., in Albrecht v. County of Queens, 84 Hun, 399 [32 N. Y. Supp. 473], 'it has been necessary to present claims against the county to the board of supervisors for audit. With some unimportant exceptions, dependent on special statutes, or where the claim was liquidated by the existence of a county obligation for a specific sum, suits could not be maintained against the county for claims or county charges.' * * * In the case of Kennedy v. County of Queens, 47 App. Div. 250 [62 N. Y. Supp. 276], recently decided by this court, it was held that this rule, to the effect that a county charge is not the subject of an action at law against a county, did not apply to a claim which had been presented to the board of supervisors and had been by them formally rejected and repudiated as an obligation of the county. In the present case, however, the relator's claim has never been rejected. * * * The Kennedy Case, therefore, is not an authority for the maintenance of an action at law to collect this claim."

In People ex rel. Martin v. Westchester County, 53 App. Div. 339, 65 N. Y. Supp. 707, certiorari to review the action of the board of supervisors in audit of relator's claim and account, Jenks, J., said:

"The contention of the appellants that the certiorari proceedings are void ab initio, inasmuch as the sole remedy is an action against the county under the joint authority of People ex rel. Gorr v. Schoonover, 43 App. Div. 539 [60 N. Y. Supp. 127], and Kennedy v. County of Queens, 47 App. Div. 250 [62 N. Y. Supp. 276], cannot prevail. In People ex rel. Goodwin v. Coler, 48 App. Div. 492 [62 N. Y. Supp. 964], we held that, where relator's claim had never been rejected by the board of supervisors, the Kennedy Case was not an authority for the maintenance of an action at law to collect the claim."

In Bank of Staten Island v. City of New York, 68 App. Div. 231, 74 N. Y. Supp. 284, affirmed without opinion 174 N. Y. 519, 66 N. E. 1104, a claim had been submitted to a board of supervisors and had been allowed in part and for a definite amount. The court held that this was a judicial determination and binding upon the city in an action against it to recover upon the amount allowed upon the audit by the supervisors of Richmond county; Judge Woodward, saying:

"The rule is well settled in this state that, where a matter has been submitted to an authorized judicial tribunal, its decision thereon is final between the parties until it has been reversed, set aside, or vacated; and the rule of res adjudicata applies to all judicial determinations whether in actions, or in summary or special proceedings, or by judicial officers, in matters properly submitted for their determination."

Foy v. County of Westchester, 168 N. Y. 180, 61 N. E. 172, was an appeal from a judgment affirming a judgment in favor of defendant dismissing the complaint. The action was brought to recover for services performed by a physician in making certain post mortem examinations by direction of a coroner in the county of Westchester. The court said:

"The statute makes the compensation a county charge. The complaint alleges that 'the defendant audited and allowed for each of said post mortem examinations the sum of ten dollars,' from which we assume that the plaintiff presented his claim to the board of supervisors, which made the audit. The board had jurisdiction to audit the same, and its audit was final, not having been reviewed or reversed upon certiorari, and was payable at the amount audited by the county treasurer upon plaintiff's presentation of the proper warrant or certificate of the board of supervisors. It thus appears that the

defendant is not charged with a default in legal duty. The allegation that the amount of the audit 'is not the value of his services' may state a case for a review of the audit by certiorari, but not a cause of action."

[1, 2] From these cases it appears that, as the law now is, a county is a municipal corporation and may sue or be sued; that there is no peremptory statute requiring a contract obligation to be submitted to the board of supervisors for audit; that a claimant has an option to submit to the board or to sue directly.

[3] If he submits his claim to the board and the claim is audited and allowed for any amount, such determination is judicial and must be reviewed by certiorari.

[4] If the board rejects entirely by denying the contract obligation, as matter of law, it would seem that the claimant has the right to proceed by mandamus to establish his legal right and compel an audit as to amount. I think that, having once exercised his option and chosen his proceeding by presenting his claim, he has lost his right to sue the county, and that his only remedy is against the board by mandamus or certiorari.

[5] While the Kennedy Case does not seem to have been directly overruled, I think it has been limited so that the effect is that a claimant has an option, but, having once exercised it, such right is exhausted. There is no logical distinction between the entire and the partial rejection of a claim. To "audit" is to hear, to examine an account, and in its broader sense, it includes its adjustment or allowance, disallowance, or rejection. People ex rel. Brown v. Board of Appt., 52 N. Y. 227. In either case there is a judicial determination, and hence the same rule as to further procedure should apply.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion for judgment on the pleadings denied, with $10 costs.

INGRAHAM, P. J., and SCOTT and HOTCHKISS, JJ., concur.

DOWLING, J. I dissent on the authority of Kennedy v. County of Queens, 47 App. Div. 250, 62 N. Y. Supp. 276.