ANDREW COCCA, Plaintiff, *v.* COUNTY OF ERIE, Defendant.

Supreme Court, Erie County, July 11, 1944.

*Ralph A. Lehr* for defendant.

*Daniel J. O'Neil* for plaintiff.

GOLD, J. This is a motion on behalf of the defendant for an order to dismiss the complaint herein on the ground that it appears on the face of the complaint that it does not state facts sufficient to constitute a cause of action, and on the further ground that it appears on the face of the complaint that the court has not jurisdiction of the subject of the action.

It appears from the complaint that on or about the 27th day of January, 1944, the defendant was, and at the time of the service of the complaint herein was still, the owner in fee of a

certain piece or parcel of land located in the town of Cheek-towaga, Erie County, New York.

That prior to said date, the plaintiff had made two offers in writing to purchase the said premises from the defendant, and at each time made a deposit of one hundred dollars to apply on account of the purchase price of said land, and in each instance the offer was rejected by the Board of Supervisors of said County of Erie.

That on said 27th day of January, 1944, the plaintiff made an offer in writing to purchase said premises for the sum of one thousand dollars, and at the same time, accompanying said offer, the plaintiff enclosed a check in the sum of two hundred dollars to apply on account of the purchase price of said property.

Paragraph Sixth of plaintiff's complaint sets forth his claim as to said offer as follows:

" Sixth: That thereafter plaintiff became disgusted with the conduct of the County of Erie for the reason that he felt and now feels that his offers to purchase were of a fair and full value and that said piece or parcel of land should be sold at plaintiff's offer and that in order to impress upon the Board of Supervisors of the County of Erie that he was not to be trifled with, he made a further offer on the 27th day of January, 1944, in writing, offering to purchase said parcel of land for the sum of $1,000.00 and at the same time accompanying said offer to show that plaintiff was in earnest, was plaintiff's check in the sum of $200.00 to apply on account of the purchase price of said property. That a copy of said check is herein set forth:

Buffalo Industrial Bank Buffalo, New York
 Jan. 27, 1944.
Pay to the order of Erie County Trescere $200.00 two hundred........................Dollars
$1,000 2.98 ac.

 Andrew Cocca
and on the back of check was written
 ' If you cash this check my offer his approve for $1000.' "

That said check was deposited and cashed and credited to the County of Erie, or its Treasurer, Frank A. Slade.

Plaintiff in his complaint alleges that the two hundred dollars was retained by the defendant. This was denied and disputed by the defendant.

Plaintiff recognized by his act in making the offer that any contract for the sale of the property had to be made with the

Board of Supervisors, as the body which legally represents the County.

Subdivision 13 of section 12 of article 3 of the County Law gives to the board of supervisors, and to the board of supervisors alone, the power to sell and, for a proper consideration, to convey all the title and interest of the county in and to any land and property owned by the county but not in actual use by the county.

The complaint itself shows that the Board of Supervisors, which Board is the only authorized body to act on behalf of the County of Erie, rejected the offer of the plaintiff herein and as a consequence no contract whatsoever was ever created. Plaintiff had due notice of the action of the Board rejecting his offer, as appears in the complaint.

This is an action commenced by plaintiff against the defendant for a specific performance of an alleged contract. It must be based upon the existence of a valid contract. Mutuality of obligation is an essential element of every enforcible agreement.

The plaintiff demands judgment that upon the payment of the sum of eight hundred dollars, the balance of the purchase money, the defendant be decreed specifically to perform said agreement and convey the said land to the plaintiff by a good and sufficient deed.

It is the claim of the plaintiff that with the above notation on the back of the check, and the deposit of the check by the County Treasurer in the name of the County of Erie, the Board of Supervisors was obligated to deliver the deed to the plaintiff upon the payment of the balance of $800 still unpaid on the offer of purchase.

The Board of Supervisors had the right to accept or reject the said offer notwithstanding the depositing of the check by the County Treasurer in the name of the County.

Having rejected the same, the determination of the Board of Supervisors was conclusive and this action cannot be maintained.

When a claim is presented to a board of supervisors, and the same has been rejected, the remedy of the aggrieved party is by mandamus or certiorari, depending on the nature of the claim upon which the board has acted. (*N. Y. C. Protectory* v. *Rockland County*, 212 N. Y. 311, affg. 159 App. Div. 455.)

The motion by the defendant herein is hereby granted.

Let an order be entered accordingly.